# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                      Plaintiff,

    v.

LETANE FESOLAI,

                      Defendant.

Case No. 3:14-cr-00006-SLG

## ORDER ON DE NOVO REVIEW OF DETENTION DETERMINATION

      Before the Court at Docket 32 is Defendant's Notice of Bail Appeal to the District Court and Request for a *De Novo* Bail Review Hearing filed on March 21, 2014. Mr. Fesolai seeks a *de novo* review of his bail request and a *de novo* bail hearing, in response to the Magistrate Judge's order of continuing detention that was entered on March 7, 2014. On March 28, 2014, the Government responded.[1] A delay in receiving the transcript of the bail review hearing then ensued, with the transcript of the hearing provided to this Court on April 10, 2014.[2] Mr. Fesolai is currently also being detained by a separate order entered in *United States v. Fesolai*, Case No. 3:09-cr-00055, in connection with a Petition to Revoke Supervised Release that has been filed in that case.[3]

      Section 3145(b) of Title 18 provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." This Court has original

---

[1] Docket 34.

[2] *See* Dockets 37, 38.

[3] *See* Docket 100 in Case No. 3:09-cr-00055.

jurisdiction over the offense. Consideration of the bail request is *de novo*;[4] meaning that the Court does not to apply the standard of review appropriate to an appellate court. Rather, the statute confers a responsibility on the district court to "explore and redetermine factual issues if that proves necessary."[5] The district court is to "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate."[6] But "[e]ven under the proper 'de novo' requirement, the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate."[7]

This Court has reviewed the case file, including the transcript of the bail review hearing held before the Magistrate Judge on March 7, 2014, as well as the Revised Pretrial Services Report dated April 1, 2014.

Mr. Fesolai has proposed that he be released pretrial subject to the following conditions:

- Released to the custody of his mother, Pamamao Luafau, and step-father, as well as his employer John Mahaney;

---

[4] *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990).

[5] *Id.* at 1193.

[6] *Id.*

[7] *Id.*

3:14-cr-00006-SLG, *United States v. Fesolai*
Order on De Novo Review of Detention Determination
Page 2 of 6

- $50,000 cash appearance and/or performance bond;

- 24-hour electronic monitoring;

- Curfew from 9:00 p.m. until 6:00 a.m.;

- Random urine analysis for illegal drug use; and

- Maintain employment with Jiffy Lube, under the supervision of employer John Mahaney.

Mr. Fesolai has been charged with drug trafficking offenses in this case for which the potential term of imprisonment is ten years or more. Therefore, pursuant to 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption "that no conditions will reasonably assure the appearance of the person as required and the safety of the community." That presumption shifts a burden of production to the defendant, which Mr. Fesolai fulfilled when he presented the testimony of his step-father, his mother, and his employer, at the bail review hearing before the Magistrate Judge. But "[t]he presumption [of the defendant's dangerousness] is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'"[8] This Court is to apply the four statutory factors listed in § 3142(g) to determine if pretrial detention is warranted: (1) the nature and circumstances of the offense charged, including whether the offense is a crime involving a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental

---

[8] *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

3:14-cr-00006-SLG, *United States v. Fesolai*
Order on De Novo Review of Detention Determination
Page 3 of 6

condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and whether the person was on probation or parole at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.[9]  "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'"[10]

Consideration of those factors here, based on the evidence proffered by Mr. Fesolai together with the information set forth in the Court files and the Revised Pretrial Services Report, demonstrates the following:

(1) The offenses charged are all felony drug trafficking offenses, two of which carry a mandatory minimum sentence of 10 years, which would be increased to 20 years in light of Mr. Fesolai's previous federal conviction for conspiring to distribute methamphetamine, pursuant to 21 U.S.C. § 841(b).  The Court has no other information at this time regarding the nature and circumstances of the offenses charged.

(2) The weight of the evidence against Mr. Fesolai with respect to the current charges is unknown, except that a grand jury returned a true bill that indicted Mr. Fesolai for each of these crimes.

(3) Mr. Fesolai was born in 1985, and has been convicted of two felony offenses as an adult – attempted sexual abuse of a minor in the second degree and federal drug trafficking conspiracy.  It appears that he has been incarcerated

---

[9] *Id.* at 1086 (citing 18 U.S.C. § 3142(g)).

[10] *Id.* at 1086 (citing 18 U.S.C. § 3142(f)(2)(B)).

3:14-cr-00006-SLG, *United States v. Fesolai*
Order on De Novo Review of Detention Determination
Page 4 of 6

for several years of his adult life. He was also convicted of disorderly conduct in 2007, and shortly after was determined to have violated the conditions of his probation in that case and was sentenced to 80 days in jail. The Revised Pretrial Services Report indicates at one place that Mr. Fesolai was released from custody on June 7, 2012, but indicates in another place he was not released until the following year – June 7, 2013. In either event, it is of note that Mr. Fesolai is alleged to have paid $51,000 in cash for a new garage in September 2013, not long after his release from several years of incarceration, and where he lists his income as $1,200 per month from Jiffy Lube. And it is of considerable concern that the current offenses are alleged to have occurred when Mr. Fesolai was on both federal supervised release and state probation for his earlier felony convictions. And yet Mr. Fesolai has demonstrated that he has a supportive family and an available employment opportunity. Nonetheless, this Court was left unpersuaded, upon reviewing the testimony of Mr. Fesolai's parents and the Jiffy Lube employer, that these individuals could adequately supervise and control Mr. Fesolai at all times so as to ensure that Mr. Fesolai remained in full compliance with his conditions of release. In particular, Ms. Luafau testified, at least at one point, that she was Mr. Fesolai's third party custodian when he was found to have violated the conditions of his release.[11] And Mr. Mahaney, while to be commended for seeking to help convicted felons reenter the job market, described a business

---

[11] Ms. Luafau later testified that she was Mr. Fesolai's third party custodian for the attempted sexual abuse charge.

3:14-cr-00006-SLG, *United States v. Fesolai*
Order on De Novo Review of Detention Determination
Page 5 of 6

in which he is so busy that meaningful and constant supervision of Mr. Fesolai during working hours would appear to be unattainable.

(4) Mr. Fesolai's prior criminal history demonstrates that the community would be at considerable risk with respect to both potential sexual abuse and drug trafficking were he to be released pending trial.

Upon consideration of the foregoing factors, and based upon this Court's independent evaluation of the evidence and information in the Court's file, and the rebuttable presumption militating against pretrial release for these charges, the Court finds that the evidence is clear and convincing that the continued detention of Mr. Fesolai is warranted. The combination of conditions proposed by Mr. Fesolai will not reasonably address the safety of other persons and the community. Mr. Fesolai's request for an additional evidentiary hearing to present the same witnesses that testified before the Magistrate Judge is denied, as it is unnecessary to the Court's determination of this issue.

DATED this 11th day of April, 2014, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

3:14-cr-00006-SLG, *United States v. Fesolai*
Order on De Novo Review of Detention Determination
Page 6 of 6